**The STATE of Ohio, Appellant,**

v.

**MITCHELL, Appellee.**

[Cite as *State v. Mitchell* (2001), 141 Ohio App.3d 770.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77917.

Decided March 26, 2001.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Peter Gauthier*, Assistant County Prosecuting Attorney, for appellant.

*Richard Agopian*, for appellee.

JAMES D. SWEENEY, Judge.

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

Plaintiff-appellant state of Ohio appeals on the accelerated docket from the sentence imposed by the trial court on defendant-appellee Eugene Mitchell (Mitchell). For the reasons adduced below, we reverse and remand for resentencing.

A review of the record on appeal indicates that Mitchell was indicted on April 28, 1999, to one count of escape in violation of R.C. 2921.34. On April 6, 2000, Mitchell pled guilty to an amended count of attempted escape in violation of R.C. 2923.02 and 2921.34, a felony of the fourth degree. Immediately following his plea of guilty, the trial court sentenced Mitchell to time served, which in Mitchell's case was thirty days. The state objected to this sentence.

The lone assignment of error states:

"The trial court erred by imposing a sentence of time served for a felony of the fourth degree since the defendant had only served thirty days, which is not one of the statutory penalties for a felony of the fourth degree."

The trial court had two options available at the time of Mitchell's sentencing. First, a definite term of imprisonment pursuant to R.C. 2929.14(A)(4). Or, second, place Mitchell under community control sanctions pursuant to R.C. 2929.13 to 2929.18.

Community control sanctions, in general, are inapplicable to the facts of this case due to the absence of a predicate presentence investigation report made

prior to sentencing. See R.C. 2951.03(A)(1) and Crim.R. 32.2, which require a pre-sentence investigation report prior to imposing a community control sanction. Thus, the court's only viable option at the time of sentencing was a period of incarceration.

■ R.C. 2929.14(A)(4) unambiguously provides a mandatory definite prison term for a fourth degree felony:

"(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." (Emphasis added.)

The sentence imposed is clearly incompatible with the available terms under R.C. 2929.14(A)(4). Accordingly, the assignment is affirmed, the sentence vacated, and the matter remanded for resentencing. Prior to resentencing, the trial court may order the preparation of a presentence investigation report and, at the time of sentencing, may then consider whether community control sanctions are applicable to the offense for which Mitchell was convicted, or the trial court may sentence Mitchell to a definite term pursuant to R.C. 2929.14(A)(4).

*Judgment reversed*
*and cause remanded.*

KARPINSKI, A.J., and COONEY, J., concur.