OPINION
{¶ 1} The state appeals the January 17, 2003 judgment entry of the Ashtabula County Court of Common Pleas terminating Robert Butcher's ("Butcher") sentence. For the reasons set forth below, we reverse the decision of the trial court in this matter.
 {¶ 2} Since Butcher failed to file a brief in this matter, we will "accept [the state's] statement of the facts and issues as correct." App.R. 18(C). In 2000, Butcher was found guilty on three counts of involuntary manslaughter. Butcher was sentenced to six months in the Ashtabula County Jail and to three years of probation. His probation specifically required Butcher to obey all laws, conduct himself as a lawabiding citizen, and to refrain from consuming any alcoholic beverages. At the sentencing hearing, the trial court failed to advise Butcher that any violations of his community control sanctions could result in a term of imprisonment.
 {¶ 3} In 2001, the Adult Parole Authority filed a complaint alleging that Butcher violated his community control sanctions. The allegations stemmed from Butcher's plea of guilty to driving under the influence. As the result of the complaint, the trial court conducted a hearing on the matter on March 26, 2002. On that same date, the trial court found Butcher in violation of his community control sanctions. Butcher was ordered to continue under his probation, with an increase in the monitoring level to intensive supervision, and was required to serve 30 days in the Ashtabula County Jail.
 {¶ 4} On September 3, 2002, the Adult Parole Authority filed another complaint alleging that Butcher had again violated his community control sanctions. The impetus for the complaint was charges that Butcher was facing as the result of an accident on August 21, 2002. Butcher was charged with aggravated vehicular assault, leaving the scene of an accident, driving under the influence, driving under suspension, failure to control, and failure to display license plates.
 {¶ 5} On October 18, 2002, the trial court conducted a hearing on the matter. The trial court found Butcher to be in violation of his community control sanctions. The trial court sentenced Butcher to four years imprisonment.
 {¶ 6} On December 4, 2002, Butcher filed a motion to vacate his sentence for the reason that the trial court did not advise Butcher, as part of his original sentencing, that any violations of his community control sanctions could result in a term of imprisonment. On January 9, 2003, the trial court vacated Butcher's sentence. The trial court subsequently conducted another sentencing hearing on January 16, 2003. At the hearing, the state recommended that the trial court impose more stringent community control sanctions. On January 17, 2003, the trial court terminated Butcher's term of probation.
 {¶ 7} The state timely appealed and raises the following assignment of error:
 {¶ 8} "The trial court erred when it terminated, unsatisfactorily, defendant's community control sanctions after defendant served less that (sic) two and one have (sic) years of the original three year term of basic supervision."
 {¶ 9} In its sole assignment of error, the state argues that a court does not have the authority to cancel a criminal sentence absent specific statutory authority to do so. Thus, the state asserts that the trial court lacked the authority to terminate Butcher's community control sanctions.
 {¶ 10} A motion to vacate sentence is addressed to the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of that discretion. Statev. Jewell (Mar. 30, 2001), 2nd Dist. No. 1532, 2001 Ohio App. LEXIS 1483, at *3-*4 (citation omitted). An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169
(citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984), 15 Ohio St.3d 164, 222
(citation omitted).
 {¶ 11} "It is well established in law that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly." State v. Hayes (1993), 86 Ohio App.3d 110, 112; see, also, State v. Rowe (1997), 118 Ohio App.3d 121, 123 ("Ohio trial courts do not possess the inherent authority to suspend, * * * cancel, * * * or modify * * * a criminal sentence once that sentence has been executed, absent specific authority to do so.") (internal citations omitted); Brook Park v. Necak (1986),30 Ohio App.3d 118, 120 ("Ohio courts have no authority to reconsider their own valid final judgments in criminal cases") (citation omitted). Thus, "it is manifest that a trial court's authority to modify * * * a sentence of probation must be provided for by the legislature." Hayes, 86 Ohio App.3d at 112.
 {¶ 12} A trial court has the statutory authority to modify a sentence of probation, but only if the "offender, for a significant period of time, fulfills the conditions of a sanction * * * in an exemplary manner." R.C. 2929.15(C).
 {¶ 13} In this case, it cannot be argued that Butcher fulfilled his community control sanctions in any manner for any period of time. On two different occasions Butcher was charged with criminal offenses, a clear violation of his probation. Moreover, both of these instances involved the consumption of alcohol, another clear violation of Butcher's probation. The trial court did not find, nor could it have found under the facts of this case, that Butcher had fulfilled the conditions of his probation for a significant period of time. In fact, the trial court found that Butcher "has not complied with Community Control sanctions in the past." Thus, the trial court did not have the authority to modify Butcher's sentence of probation. We, therefore, find that the trial court abused its discretion in terminating Butcher's probation.
 {¶ 14} Since the judgment entry terminating Butcher's probation was void ab initio, see Rowe, 118 Ohio App.3d at 127
(citation omitted), the trial court must proceed as if Butcher's probation was not terminated. See State v. Garris (1998),128 Ohio App.3d 126, 131 (holding that, when a trial court's judgment is void ab initio, the trial court must proceed as if the judgment had not been entered); see, also, State v. Brock
(1996), 110 Ohio App.3d 656, 666, citing State v. Wilson
(1995), 73 Ohio St.3d 40.
 {¶ 15} For the foregoing reasons, we hold that the state's sole assignment of error has merit. Since Butcher's probation would have lapsed, absent the void ab initio judgment, his probation was completed upon the termination of the initial three year sentence. The decision of the Ashtabula County Court of Common Pleas is reversed and remanded to the trial court to enter an order consistent with this opinion.
Rice, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.