JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant, State of Ohio ("State"), appeals the trial court's imposing community control sanctions on defendant-appellee, Leo Walker ("Walker"), without first ordering a presentence investigation report. Finding merit to the appeal, we reverse.
 {¶ 2} In 1994, Walker was convicted of sexual battery. In 1999, he was classified as a sexually oriented offender. As part of his classification duties, Walker was required to register his address on an annual basis for ten years with the sheriff's office in the county in which he resided. See former R.C. 2950.04. In 2007, Walker was charged with failing to provide notice of his change of address, a third degree felony. He pled guilty, and the trial court immediately proceeded to sentencing. The court sentenced Walker to a combination of community control sanctions and jail time. In sentencing Walker, the court stated:
 {¶ 3} "One year community control sanctions on the condition that the defendant serve forty days in the county jail. That condition has been met. Supervision is terminated. The defendant is ordered released. Court costs are suspended."
 {¶ 4} Thus, immediately following his guilty plea, the trial court sentenced Walker to "time served," which in Walker's case totaled forty days.
 {¶ 5} The State appeals, raising two assignments of error for our review. In the first assignment of error, the State argues that the trial court erred in imposing *Page 3 
community control sanctions without ordering a presentence investigation report, in violation of Crim. R. 32.2 and R.C. 2951.03.
 {¶ 6} First, we must note that no one representing the State appeared at Walker's plea and sentencing hearing. Although that is common practice when a defendant is pleading to the indictment, no one from the State was present in the courtroom to object to the trial court's decision to proceed to sentencing without first ordering a presentence investigation report. Thus, we must review the State's assignment of error only for plain error. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. In order to prevail on a claim of plain error, the appealing party must establish that the outcome of the proceeding clearly would have been different but for the alleged error. State v. Waddell,75 Ohio St.3d 163, 166, 1996-Ohio-100, 661 N.E.2d 1043.
 {¶ 7} Crim. R. 32.2 states that "[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation." R.C. 2951.03 (A)(1) states, in pertinent part, that "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court." *Page 4 
 {¶ 8} Walker pled guilty to failure to provide notice of change of address, in violation of R.C. 2950.05(E)(1), a felony of the third degree. R.C. 2929.14(A)(3) provides a mandatory definite prison term for a third degree felony of one, two, three, four, or five years.
 {¶ 9} In State v. Mitchell (2001), 141 Ohio App.3d 770, 771,753 N.E.2d 284, we were faced with a similar situation. The defendant pled guilty to attempted escape, a felony of the fourth degree, and the trial court sentenced him to community control sanctions without ordering or considering a presentence investigation report. We noted that the trial court had two options available at the time of defendant's sentencing, to sentence him to either a definite term of imprisonment or to community control sanctions pursuant to R.C. 2929.13 to 2929.18. We found that community control sanctions were inapplicable to the facts of that case because the trial court had failed to order a presentence investigation report prior to sentencing; thus, the court's only option was a period of incarceration. Id. We ordered the sentence vacated, and the matter remanded for resentencing.
 {¶ 10} We must reach the same conclusion in the instant case and find that the trial court committed plain error by sentencing Walker to community control sanctions without first ordering and considering a presentence investigation report. Because Walker pled guilty to a felony and because the trial court failed to comply with the mandates of Crim. R. 32.2 and R.C. 2951.03(A)(1), we must vacate Walker's sentence and remand the case for resentencing. Prior to resentencing, the trial *Page 5 
court must order the preparation of a presentence investigation report if it intends to impose community control sanctions. Therefore, the first assignment of error is sustained. Since the first assignment of error is dispositive, we find moot the second assignment of error, in which the State challenges the termination of community control sanctions before Walker had ever been supervised.[1]
 {¶ 11} Accordingly, judgment is reversed and the case is remanded for resentencing.
 {¶ 12} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed. *Page 6 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS;
ANTHONY O. CALABRESE, JR., J., DISSENTS
[1] The trial court should note the basic requirement that a defendant actually serve the sentence under a community control sanction. SeeState v. Butcher, Ashtabula App. No. 2003-A-0024, 2004-Ohio-5305. *Page 1