JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, the State of Ohio ("the State"), appeals the trial court's imposition of community control sanctions upon defendant-appellee, Darren Pickett ("appellee"). For the reasons set forth below, we reverse and remand for resentencing.
 {¶ 2} On January 17, 2008, the Cuyahoga County Grand Jury indicted appellee on four counts: Count 1 alleged aggravated burglary in violation of R.C. 2911.11(A)(1); Count 2 alleged robbery in violation of R.C. 2911.02(A)(2); Count 3 alleged grand theft motor vehicle in violation of R.C. 2913.02(A)(1); and Count 4 alleged grand theft motor vehicle in violation of R.C. 2913.02(A). Both Counts 1 and 2 had a notice of prior conviction and a repeat violent offender specification.
 {¶ 3} On March 31, 2008, appellee pled guilty to an amended count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, as well as one count of robbery in violation of R.C. 2911.02(A)(3), a third-degree felony, as amended in Count 2. In consideration of appellee's guilty pleas, the State dismissed the notice of prior conviction and repeat violent offender specifications contained in Counts 1 and 2, as well as Counts 3 and 4 in the indictment.
 {¶ 4} The trial court accepted appellee's guilty pleas and immediately sentenced him to one year of community control sanctions for both counts, each to run concurrent with each other and consecutive to the sentence imposed in Case No. CR-483374. The trial court also imposed postrelease control for three years.
 {¶ 5} The State now timely appeals and presents one assignment of error for *Page 4 
our review. Its sole assignment of error states:
 {¶ 6} "The trial court's sentence constitutes reversible error because it imposed concurrent terms of community control sanctions for third degree felony charges without first ordering and considering a presentence investigation report in this case pursuant to Crim. R. 32.2 and R.C. 2951.03(A)(1)."
 {¶ 7} Within this assignment of error, the State maintains that the trial court erred in placing appellee under community control sanctions without first ordering and considering a presentence investigation report. The State, however, failed to object to the sentence during the hearing. Accordingly, we review only for plain error.
 {¶ 8} Crim. R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection." State v.Smith, Cuyahoga App. No. 88371, 2008-Ohio-3657, discretionary appeal not allowed by 120 Ohio St.3d 1506, 2009-Ohio-361, 900 N.E.2d 623. Moreover, plain error does not exist unless appellant demonstrates that the outcome of the trial clearly would have been different but for the trial court's alleged error. State v. Waddell, 75 Ohio St.3d 163, 166,1996-Ohio-100, 661 N.E.2d 1043. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at *Page 5 
paragraph three of the syllabus.
 {¶ 9} In the instant matter, the trial court committed plain error when it imposed community control sanctions without first ordering and considering a presentence investigation report. Crim. R. 32.2 states "[i]n felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation." Likewise, R.C. 2951.03(A)(1) provides in part "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court. * *
 {¶ 10} In this case, the record demonstrates the court failed to prescribe to the mandates of Crim. R. 32.2 and R.C. 2951.03(A)(1). Appellee pled guilty to one count of burglary in violation of R.C. 2911.12(A)(3) and one count of robbery in violation of R.C. 2911.02(A)(3). Each of these offenses are felonies of the third degree punishable by one, two, three, four, or five years. R.C. 2929.14(A)(3). Thus, the trial court was required to order and consider a presentence investigation report before imposing community control sanctions. SeeState v. Walker, Cuyahoga App. No. 90692, 2008-Ohio-5123; State v.Mitchell (2001), 141 Ohio App.3d 770, 753 N.E.2d 284, discretionary appeal not allowed by 92 Ohio St.3d 1443, 751 N.E.2d 482; see, also,State v. Preston, 155 Ohio App.3d 367, 801 N.E.2d 501; State v.Gilliam (June 10, 1999), Lawrence App. No. 98 CA 30. The record demonstrates, however, that the court failed to do so and committed plain error when it sentenced appellee. The *Page 6 
State's assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded for resentencing.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this
judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1