[Cite as *State v. Allen*, 2011-Ohio-3621.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

v.

SEAN ALLEN

    and

BRYAN CRUTCHER

    Appellees

C.A. Nos.     10CA009910
             10CA009911

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    09CR078409
             09CR078510

DECISION AND JOURNAL ENTRY

Dated: July 25, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Sean Allen and Bryan Crutcher pleaded no contest to trafficking in marijuana and other charges. The trial court found them guilty and immediately proceeded to sentencing. For trafficking in marijuana, a felony of the fifth degree, it imposed a $250 fine on each defendant. It also ordered Mr. Allen and Mr. Crutcher to remain on "good behavior" for one year. The State has appealed the sentences, arguing that the trial court did not comply with the statutory requirements for imposing community control. We affirm because the trial court had discretion to determine the type of sentence that would best serve the overriding purposes and principles of sentencing under Section 2929.11 of the Ohio Revised Code.

## STANDARD OF REVIEW

{¶2}    The State's assignment of error is that the sentences the trial court imposed on Mr. Allen and Mr. Crutcher for trafficking in marijuana were contrary to law.  In *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, a plurality of the Ohio Supreme Court determined that, in light of *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, when appellate courts review criminal sentences, they must apply a "two-step approach."  *Id*. at ¶4.  The first step is to determine whether the sentence was contrary to law.  *Id*.  The second step is to determine whether the court exercised proper discretion in imposing the term of imprisonment.  *Id*. at ¶26.  The parties agree that *Kalish* provides the correct standard of review in this case.

## SENTENCING FRAMEWORK

{¶3}    According to the State, under Section 2929.13 of the Ohio Revised Code, the court had two options for sentencing Mr. Allen and Mr. Crutcher.  The first was to impose a prison term between 6 and 12 months under Section 2929.13(B)(2)(a).  The other was to impose a community control sanction under Section 2929.13(B)(2)(b).  The State has argued that the fines the trial court imposed were, necessarily, community control sanctions under Section 2929.18.  See R.C. 2929.01(E) (defining "community control sanction" to include "a sanction . . . described in section . . . 2929.18[.]").  It has noted, however, that, under Section 2951.03, the trial court was not allowed to impose a community control sanction without a pre-sentence investigation report and there was no pre-sentence investigation report prepared for Mr. Allen or Mr. Crutcher.  It has also argued that the court, in imposing a community control sanction, was required to place Mr. Allen and Mr. Crutcher under the supervision and control of the department of probation and tell them at sentencing that, if they violated community control,

they could face a more restrictive sanction. R.C. 2929.15(A)(2)(a); R.C. 2929.19(B)(5). It has, therefore, argued that the sentences were contrary to law.

{¶4} Under Section 2929.11(A) of the Ohio Revised Code, "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in [Section 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶5} Section 2929.12 of the Ohio Revised Code provides additional sentencing guidance. "Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence . . . upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in [Sections 2929.12(B) and (C)] relating to the seriousness of the conduct and the factors provided in [Sections 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). Sections 2929.11 and 2929.12, therefore, set out the factors that a trial court must consider when imposing sentence. They also

establish that a trial court has discretion in determining a defendant's sentence, so long as that discretion has not been expressly limited by Sections 2929.13 or 2929.14.

{¶6} Section 2929.14 establishes requirements with which a trial court must comply when it elects or is required to impose a prison term. Because the trial court did not impose a prison term, it is not applicable in this case. The remaining question under Section 2929.12 is whether Section 2929.13 limited the trial court's discretion to impose only a $250 fine for Mr. Allen's and Mr. Crutcher's trafficking in marijuana offenses, which were felonies of the fifth degree under Section 2925.03.

{¶7} Under Section 2929.13(A) of the Ohio Revised Code, "[e]xcept as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." The first question in determining whether Section 2929.13 limited the trial court's sentencing discretion, therefore, is to determine whether Section 2929.13(E), (F), or (G) applied.

{¶8} While Section 2929.13(E) modifies Sections 2929.13(B), (C), and (D) in felony drug offense cases, it does not have any substantive effect in this case. See R.C. 2929.13(E)(1) (referring courts to Section 2925.03); R.C. 2925.03(C)(3)(a) (referring courts back to Section 2929.13 without change if the trafficking in marijuana offense is a felony of the fifth degree). Sections 2929.13(F), regarding crimes for which a prison term is required, and 2929.13(G), regarding convictions for operating a vehicle under the influence, also have no effect on the sentences in this case.

{¶9}    The next question under Section 2929.13(A) is whether "a specific sanction [was] required to be imposed."  Under Section 2929.13(B)(1), "in sentencing an offender for a felony of the . . . fifth degree, the sentencing court shall determine whether any of the following apply: (a) In committing the offense, the offender caused physical harm to a person.  (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.  (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.  (d) The offender held a public office or position of trust and the offense related to that office or position; . . . (e) The offender committed the offense for hire . . . . (f) The offense is a sex offense . . . . (g) The offender at the time of the offense was serving, or . . . previously had served, a prison term.  (h) The offender committed the offense while under a community control sanction . . . . [or] (i) The offender committed the offense while in possession of a firearm."  "If the court makes a finding described in division (B)(1) . . . and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."  R.C. 2929.13(B)(2)(a).  "[I]f the court does not make a finding described in division (B)(1) . . . and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."  R.C. 2929.13(B)(2)(b).

{¶10} The State has argued that, under Section 2929.13(B)(2), the trial court had two choices: impose a prison term under subsection (B)(2)(a) or impose a community control sanction under subsection (B)(2)(b). Those choices, however, were not the trial court's only options. In some cases the facts do not support a finding under Section 2929.13(B)(1), but the sentencing court also determines that a community control sanction is inconsistent with the purposes and principles of sentencing, thus taking the case outside the scope of both 2929.13(B)(2)(a) and (b). In such cases, the court is "not compelled by R.C. 2929.13(B)(2)(a) to impose a prison sentence or by R.C. 2929.13(B)(2)(b) to impose a community control sanction. Rather, it [is] within the trial court's judgment to determine, after considering the factors set forth in R.C. 2929.12, what type of sentence would best serve the overriding purposes and principles of sentencing contained in R.C. 2929.11." *State v. Sutherland*, 2d Dist. No. 97CA25, 1997 WL 464788 at *4 (Aug. 15, 1997); *State v. Brown*, 146 Ohio App. 3d 654, 658 (2001) ("In this case, the court did not find one of the nine enumerated [Section 2929.13(B)(1)] factors, so the court was not required to impose a prison term. But the court also found that [Mr.] Brown was not amenable to community control. Thus, the court was not required to impose a community-control sanction either. Because the court's discretion was not limited by the special circumstances contemplated in R.C. 2929.13(B)(2)(a) and (b), those sections became irrelevant."). This Court recognized this situation in *State v. Sims*, 9th Dist. No. 19018, 1998 WL 852954 at *2 (Dec. 9, 1998) (noting that, if the trial court does not find one of the circumstances listed in Section 2929.13(B)(1) and also concludes that community control is inappropriate under the circumstances, "the court retains its broad discretion to fashion a sentence consistent with R.C. 2929.11(A).").

{¶11} In this case, the trial court did not find that any of the circumstances described in Section 2929.13(B)(1) existed, so it was not required to impose a prison term under Section 2929.13(B)(2)(a). While the court did not specifically discuss whether "a community control sanction . . . [was] consistent with the purposes and principles of sentencing set forth in section 2929.11" under Section 2929.13(B)(2)(b), it rejected putting Mr. Allen and Mr. Crutcher on community control, noting that it could not "put someone on probation without a pre-sentence report[.]" The State has not cited any authority suggesting that the court had to explain its analysis under Section 2929.13(B)(2)(b) on the record. We conclude that, under the facts of this case, the trial court was not required to impose a specific sanction on Mr. Allen and Mr. Crutcher under Sections 2929.13(A), (B)(2)(a), or (b).

{¶12} If a trial court is not required to or precluded from imposing a specific sanction under Section 2929.13 of the Ohio Revised Code, it "may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." R.C. 2929.13(A). Mr. Allen and Mr. Crutcher have argued that, because the statute uses the term "may," the trial court had the option of not imposing a sanction under any of the enumerated sections.

{¶13} The Ohio Supreme Court has explained that, "[i]n statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St. 2d 102, paragraph one of the syllabus (1971); *State ex rel. City of Niles v. Bernard*, 53 Ohio St. 2d 31, 34 (1978) ("[U]sage of the term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied[.]"). In Section 2929.13, the General

Assembly used "may" in some subsections and "shall" in others, strongly suggesting that it intended for the provisions using "shall" to be mandatory and the provisions using "may" to be optional. We, therefore, agree with Mr. Allen and Mr. Crutcher that Section 2929.13(A) did not require the trial court to impose a sanction under Sections 2929.14 to 2929.18 when it sentenced them.

{¶14} Because the trial court was not compelled by Section 2929.13 to impose a prison or community control sanction, it had discretion "to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A); *State v. Sutherland*, 2d Dist. No. 97CA25, 1997 WL 464788 at *4 (Aug. 15, 1997). In *Sutherland*, *Brown*, and *Sims*, the trial court determined that a prison term was the most appropriate sanction for the defendants. *State v. Sutherland*, 2d Dist. No. 97CA25, 1997 WL 464788 at *4 (Aug. 15, 1997); *State v. Brown*, 146 Ohio App. 3d 654, 659 (2001); *State v. Sims*, 9th Dist. No. 19018, 1998 WL 852954 at *2 (Dec. 9, 1998). In this case, the court determined that only a fine was necessary based on the seriousness of the offense and Mr. Allen's and Mr. Crutcher's criminal histories. We have reviewed the record and conclude that the trial court exercised proper discretion when it determined that a $250 fine was an appropriate sanction for their trafficking in marijuana offense.

{¶15} It is worth noting the difference between the fine that the trial court imposed under Section 2929.12 of the Ohio Revised Code and the fine that it could have imposed under Section 2929.18. Although the court could have fined Mr. Allen and Mr. Crutcher the same amount under Section 2929.18(A)(2), it also would have had to put them "under the general control and supervision" of the probation department, which it, apparently, determined was unnecessary. See R.C. 2929.15(A)(2)(a). It also avoided subjecting them to any additional costs

associated with community control. See R.C. 2951.02.1(A)(1) (regarding monthly supervision fees).

**{¶16}** Because the fine the trial court imposed was not under Section 2929.18 of the Ohio Revised Code, a pre-sentence investigation report was not necessary, the court did not have to place the Mr. Allen and Mr. Crutcher under the supervision and control of the probation department, and it did not have to warn them that, if they violated community control, they could face a more restrictive sanction. The State's assignment of error is overruled.

## CONCLUSION

**{¶17}** The sentences imposed by the trial court were not contrary to law. The court exercised proper discretion when it determined that only a fine was required to achieve the overriding purposes of felony sentencing. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
CONCURS

WHITMORE, J.
DISSENTS, SAYING:

{¶18} I respectfully dissent because I would vacate the trial court's sentences for both Allen and Crutcher and remand the matter to the trial court for resentencing.

{¶19} Initially, I note that we are reviewing the sentences for both Allen and Crutcher because the State requested their cases be consolidated on appeal, as they were before the trial court. I further note that Allen has not filed a brief in response to the State's appeal challenging his sentence.

{¶20} As for the sentences imposed in these cases, I would conclude that they are contrary to law, as the trial court did not have the authority to impose a fine on either defendant under the auspices of anything other than a "community control sanction." R.C. 2929.15(A)(1) provides that "in sentencing an offender for a felony[,] the court is not required to impose prison term, *** [but] the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code." Those three sections allow for the imposition of various community control sanctions, including residential sanctions (e.g., jail), nonresidential sanctions, and financial sanctions (e.g., fines), respectively. Because the sentences imposed in these cases necessarily fall under the

purview of "community control sanctions," before imposing such sanctions, the trial court was required to consider a pre-sentence investigation report on each defendant. See R.C. 2951.03(A)(1) (providing that "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written pre[-]sentence investigation report has been considered by the court") See, also, Crim. R. 32.2 (requiring that in felony cases "the court shall *** order a pre[-]sentence investigation and report before imposing community control sanctions or granting probation"). Having failed to do so, Allen and Crutcher's sentences must be vacated. Accord *State v. Mitchell* (2001), 141 Ohio App.3d 770, 771, discretionary appeal denied in *State v. Mitchell* (2001), 92 Ohio St.3d 1443 (noting in the case of a fourth-degree felony offense that "[t]he trial court had two options available at the time of *** sentencing[:] *** a definite term of imprisonment pursuant to R.C. 2929.14(A)(4)[;] [o]r *** community control sanctions pursuant to R.C. 2929.13 to 2929.18" and vacating defendant's sentence for jail time served in the absence of a pre-sentence investigation report); *State v. Walker*, 8th Dist. No. 90692, 2008-Ohio-5123, at ¶5-11 (concluding it was plain error for the trial court to impose the community control sanction of jail time served in the absence of a pre-sentence investigation report); *State v. Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233, at ¶5-16 (concluding defendant's sentence was contrary to law because his sentence of jail time served, fine, and court costs was not properly imposed as a community control sanction); *State v. Lee*, 8th Dist. No. 92327, 2009-Ohio-5820, at ¶6-12 (vacating defendant's sentence for time served and noting that because he "pleaded guilty to a fifth[-]degree felony, the only option for the court was to sentence Lee to either community control or imprisonment"); *State v. Murphy*, 8th Dist. No. 93093, 2010-Ohio-1422, at ¶4, fn.1 (vacating the sentence on other grounds, but noting that the sentence imposed was contrary to law on the authority of *State v. Eppinger*). See, also, *State*

*v. Money*, 2d Dist. No. 2009 CA 119, 2010-Ohio-6225, at ¶8 (noting that for a fifth-degree drug trafficking offense, "the trial court has the discretion to impose a community control sanction or a combination of community control sanctions instead of a prison term").

**{¶21}** Moreover, the cases relied upon by the majority are distinguishable from this case in that they all deal with situations where the trial court concluded that community control sanctions were not appropriate because an actual prison sentence was warranted. See *State v. Sutherland* (Aug. 15, 1997), 2d Dist. No. 97CA25, at *2-5 (affirming the imposition of six and twelve month sentences for fourth-degree felony offenses of arson and vandalism); *State v. Brown*, 1st Dist. No. C-000817, 2001-Ohio-4266, at ¶16-19 (affirming the imposition of a twelve month prison sentence for a fourth-degree felony conviction); *State v. Sims* (Dec. 9, 1998), 9th Dist. No. 19018, at *1-3 (affirming an eight month prison sentence for a fifth-degree felony drug possession conviction). Here, the trial court did not conclude that community control sanctions were inappropriate because a harsher sentence, in the form of actual prison time, was necessary. Instead the trial court determined that a fine was warranted. Such a sanction, in my view, fits squarely within the rubric of community control sanctions. Thus, in the absence of a pre-sentence investigation report, the trial court lacked the authority to impose such sentences upon Allen and Crutcher.

**{¶22}** For the foregoing reasons, I would vacate Allen and Crutcher's sentences and remand their cases for resentencing. Accordingly, I dissent.

APPEARANCES:

DENNIS WILL, Prosecuting Attorney, and BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellant.

GINO PULITO, Attorney at Law, for Appellee.

MICHAEL J. TOWNE, Attorney at Law, for Appellee.