[Cite as *State v. Richmond*, 2012-Ohio-3946.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97531**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## CHRISTOPHER RICHMOND

DEFENDANT-APPELLEE

**JUDGMENT:**
**REVERSED AND REMANDED**
**FOR RESENTENCING**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554731

**BEFORE:**   Stewart, P.J., Boyle, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   August 30, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:    Andrew Rogalski
              T. Allan Regas
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's sentence of 30 days in county jail and a $200 fine imposed on defendant-appellee, Christopher Richmond. For the following reasons, we reverse.

{¶2} After Richmond pleaded guilty to an amended indictment of harassment by inmate, a fifth degree felony, the trial court sentenced him to the above-noted sentence with credit for time served and ordered him to be released.

{¶3} The state, in its sole assignment of error, argues that because Richmond pleaded guilty to a fifth degree felony, under Ohio law the trial court is limited to a choice between sentencing Richmond to one or more community control sanctions or a prison sentence of 6-12 months. The state contends that Richmond was not placed under a community control sanction because no presentence investigation report was prepared, and that 30 days of incarceration in the county jail does not fulfill the statutory minimum term of imprisonment. The state complains that the sentence was therefore not authorized by law and requests this court to reverse and remand for resentencing.

{¶4} Sentences are reviewed by applying a two-prong test as set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we must review whether the trial court complied with all applicable rules and statutes in imposing the sentence to conclude whether the sentence is contrary to law. *Kalish* at ¶ 4. If the

sentence is in conformance with the law, we then review the trial court's decision under an abuse-of-discretion standard. *Id.*

**{¶5}** We note that a prosecutor was present at Richmond's sentencing hearing, but did not object when the trial court sentenced Richmond without the benefit of a presentence investigation report. Accordingly, the state has waived all but plain error.

**{¶6}** In the absence of objection, this court may notice plain errors or defects that affect substantial rights, pursuant to Crim.R. 52(B). Plain errors are obvious defects in proceedings due to a deviation from legal rules. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16.

**{¶7}** We have reviewed the record and begin our analysis with determining whether a sentence that is rendered without the benefit of a statutorily-mandated presentence investigation report is authorized by law.

**{¶8}** R.C. 2951.03(A)(1) states, in pertinent part, that "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court." *See also* Crim.R. 32.2 ("[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation").

**{¶9}** This court has previously held that a trial court must order and then review a presentence investigation report prior to considering the imposition of community control sanctions. *State v. Mitchell*, 141 Ohio App.3d 770, 753 N.E.2d 284 (8th Dist.2001),

discretionary appeal not allowed, 92 Ohio St.3d 1443, 751 N.E.2d 482; *State v. Ross*, 8th Dist. No. 92461, 2009-Ohio-4720. We have also held that, in the absence of objection, a trial court's imposition of community control sanctions before taking into account a presentence investigation report constitutes plain error. *State v. Disanza*, 8th Dist. No. 92375, 2009-Ohio-5364; *State v. Walker*, 8th Dist. No. 90692, 2008-Ohio-5123; *State v. Pickett*, 8th Dist. No. 91343, 2009-Ohio-2127.

{¶10} Similar to the cases cited, in this case, the trial court deviated from the requirements mandated by law; namely, to obtain and consider a presentence investigation report prior to ordering a community control sanction. Therefore, we must again reverse the trial court and order it to comply with the sentencing obligations mandated by law.

{¶11} The state also asserts that supervision is obligatory when community control sanctions are imposed. Therefore, the state argues that Richmond's sentence was not a valid community control sanction.

{¶12} When a trial court sentences a defendant to community control sanctions, R.C. 2929.15(A)(2)(a) states that the court:

> [s]hall place the offender under the general control and supervision of a department of probation in the county that serves the court for the purposes of reporting to the court a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer.

{¶13} Community residential sanctions are a form of community control sanctions, and the time that Richmond spent in jail constitutes a permissible

community residential sanction under R.C. 2929.16(A)(2). *See* R.C. 2929.15(A)(1) ("the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to sections R.C. 2929.16 [residential sanctions] * * *.") "A residential sanction that may be

imposed pursuant to R.C. 2929.16 includes a term of up to six months in a community-based correctional facility or jail." *State v. Farner*, 5th Dist. No. 2011-COA-025, 2012-Ohio-317, ¶ 12.

{¶14} Financial sanctions also fall within the domain of community control sanctions. *See State v. Bates*, 8th Dist. No. 77522, 2000 WL 1643596 (Nov. 2, 2000), at *1; R.C. 2929.18. Financial sanctions are judgments that may be enforced under R.C. 2929.18 by using a number of statutory proceedings similar to those that a judgment creditor would employ. *See State v. Lopez*, 2d Dist. No. 2002CA81, 2003-Ohio-679, ¶ 11.

{¶15} Richmond's fine and jail sentence are therefore permissible community control sanctions. The issue remains, however, whether probation department supervision is required when a defendant is granted credit for time served and has an outstanding financial sanction. The state contends that Richmond's sentence is unquestionably at odds with the binding language of R.C. 2929.15(A)(2)(a), and that the trial court abused its discretion when it ignored this required community control sanction condition.

{¶16} This court recently issued the en banc decision of *State v. Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, where the majority of the court held that when a defendant is placed on community control sanctions, probation department supervision is "only

necessary where there is a condition that must be overseen or a term during which a defendant's conduct must be supervised." *Id*. at ¶ 8. In support of our decision, we referenced the language contained in R.C. 2929.11, noting the broad sentencing discretion of the trial court, as well as the overriding purposes of felony sentencing, "to punish the offender using the minimum sanctions * * * without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In light of our decision in *Nash*, the argument that probation supervision is required is without merit.

**{¶17}** This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., CONCURS;

MARY J. BOYLE, J., CONCURS IN PART AND
DISSENTS IN PART WITH SEPARATE OPINION

MARY J. BOYLE, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶18} Our court recently issued the en banc decision of *State v. Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, as referenced by the majority in this opinion. Because I joined the Honorable Judge Sean Gallagher and the Honorable Judge Colleen Conway Cooney in their dissents in en banc *Nash*, I likewise dissent in part as it relates to Richmond's sentence not being a valid one.

{¶19} I agree with the majority that a written presentence investigative report is statutorily mandated to be prepared and considered before a trial court can sentence one to community control sanctions. Because the trial court failed to do so, as the majority found, Richmond's sentence is vacated, as it is not authorized by law. However, I disagree with the majority that probation supervision is not required and would follow *State v. Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233.