[Cite as *State v. Barnett*, 2022-Ohio-4558.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 6-22-08

      v.

NIKKI NICOLE BARNETT,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20212203  CRI

Judgment Affirmed

Date of Decision:  December 19, 2022

APPEARANCES:

    *Michael B. Kelley* for Appellant

    *Andrew R. Tudor* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Nikki Nicole Barnett ("Barnett"), appeals the May 4, 2022 judgment entry of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from Barnett's conduct between December 23, 2020 and April 3, 2021, which involved stealing items from Walmart by either not paying for the item or by substituting the price tag on the item with a less expensive price tag to pay less than full value for the item.

{¶3} On December 30, 2021, the Hardin County Grand Jury indicted Barnett on Count One of money laundering in violation of R.C. 1315.55(A)(3) and 1315.99(C), a third-degree felony, and Count Two of theft in violation of R.C. 2913.02(A)(1), (B)(2), a fifth-degree felony. On January 20, 2022, Barnett appeared for arraignment and entered pleas of not guilty to the charges set forth in the indictment.

{¶4} On March 25, 2022, Barnett withdrew her pleas of not guilty and entered a guilty plea, under a negotiated-plea agreement, to Count One. In exchange for her change of plea, the State agreed to dismiss Count Two. Further, as part of the agreement, the State agreed to a joint-sentencing recommendation. The trial court accepted Barnett's guilty plea, found her guilty, dismissed Count Two, and ordered a pre-sentence investigation.

{¶5} On May 3, 2022, the trial court sentenced Barnett (based on the joint-sentencing recommendation of the parties) to five years of community control. (Doc. No. 38).[1]   Importantly, as a community-control sanction, the trial court ordered that Barnett enter (and successfully complete) a community-based-correctional-facility ("CBCF") program.  The trial court further ordered that Barnett serve 72 days in jail, with credit for 72-days served, pay a $1,000.00 fine, and pay $1,426.61 in restitution.

{¶6} On May 11, 2022, Barnett filed her notice of appeal.  She raises one assignment of error for our review.

## Assignment of Error

**The trial court abused its discretion by ordering Appellant to enter into and complete a CBCF program when the record does not support such a term of community control.**

{¶7} In her sole assignment of error, Barnett argues that the record does not support the trial court's sentence.  Specifically, Barnett contends that the trial court abused its discretion by sentencing her "to complete a CBCF in-patient treatment program [because] the record lacks sufficient data to justify a CBCF term and does not support the need for such a term of community control."  (Appellant's Brief at 6).

---

[1] The trial court filed its judgment entry of sentence on May 4, 2022.  (Doc. No. 38).

*Standard of Review*

**{¶8}** R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶9}** However, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all sentencing provisions." *Underwood* at ¶ 20. "[W]hen a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

**{¶10}** Here, there is no dispute that Barnett's five-year community-control sentence was jointly recommended by the parties and imposed by the trial court. Indeed, Barnett's community-control sentence is authorized by law and is not contrary to law.

**{¶11}** "'[T]rial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as a third-degree felony, the sentence for money laundering is controlled by R.C. 2929.13(C)—that is, the trial court has discretion to impose a prison term or community control. *See State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, ¶ 16; *State v. Merer*, 6th Dist. Wood No. WD-20-015, 2021-Ohio-1553, ¶ 11. "In exercising its discretion to impose either a prison term or community-control sanctions for an offense, the trial court must consider the overriding purposes of felony sentencing under R.C. 2929.11 and the aggravating and mitigating factors enumerated in R.C. 2929.12." *Hitchcock* at ¶ 17. Because the trial court sentenced Barnett to five years of community control, the trial court's sentence falls within the statutory range as provided by R.C. 2929.15(A)(1).

**{¶12}** However, since Barnett's community-control sentence was jointly recommended by the parties and was imposed by the trial court, we need not review

whether the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 or the sentencing factors listed in R.C. 2929.12. That is,

> R.C. 2953.08(D)(1) [bars] appeals that would otherwise challenge [a trial] court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), [or] 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances.

*Underwood* at ¶ 22.

{¶13} Even if we have the authority to review Barnett's community-control sentence, the Supreme Court of Ohio recently directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 31. *See also id.* at ¶ 28 (referencing that "R.C. 2929.13(B) and (D), 2929.14(B)(2)(e), and 2929.20(I) are specified" "among the statutory provisions listed in R.C. 2953.08(G)(2)(a)"). As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that

are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶14} At Barnett's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (May 3, 2022 Tr. at 12-14); (Doc. No. 38). Thus, based on our review of the record, Barnett's sentence is authorized by law and is not contrary to law since it is within the statutory range and because the trial court considered the R.C. 2929.11 and 2929.12 factors.

{¶15} Nevertheless, Barnett argues that the trial court's community-control sanction that she enter (and successfully complete) a CBCF program "was not part of the joint recommendation" and "is not supported by the record." (Appellant's Brief at 6). "Under R.C. 2929.15(A)(1), a court may impose on a felony offender who is not required to serve a mandatory prison term one or more community-control sanctions authorized by statute." *State v. Weber*, 5th Dist. Fairfield No. 17-CA-36, 2018-Ohio-3174, ¶ 26. "That section provides that when sentencing an offender for a felony, the trial court may impose one or more community sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers 'appropriate.'" *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 10.

**{¶16}** "A term of confinement in a CBCF is a community control sanction." *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, ¶ 14, citing *State v. Richmond*, 8th Dist. Cuyahoga No. 97531, 2012-Ohio-3946, ¶ 13 and R.C. 2929.16(A)(1). "Courts are authorized to impose CBCF and other residential sanctions as a community control sanction pursuant to R.C. 2929.16." *Id.*

**{¶17}** "A trial court has broad discretion in setting the conditions of community control." *State v. Wagener*, 6th Dist. Lucas No. L-21-1162, 2022-Ohio-724, ¶ 13. Consequently, "[w]e review the trial court's imposition of community-control sanctions under an abuse-of-discretion standard." *Talty* at ¶ 10. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

**{¶18}** However, the Supreme Court of Ohio highlights that such discretion "is not limitless." *Talty* at ¶ 11. "Community control conditions * * * must reasonably relate to the goals of community control: rehabilitation, administering justice, and ensuring good behavior." *State v. Ettenger*, 10th Dist. Franklin No. 18AP-326, 2019-Ohio-2085, ¶ 8. Consequently,

> [t]he relevant inquiry to determine whether a court abused this discretion in imposing a condition is three-fold: (1) is the condition reasonably related to rehabilitating the offender, (2) does it have some relationship to the crime of which the offender was convicted, and (3) does it relate to conduct that is criminal or reasonably related to future criminality and serves the ends of probation.

*State v. Ryan*, 11th Dist. Lake No. 2021-L-032, 2021-Ohio-4059, ¶ 30, citing *Talty* at ¶ 12 and *State v. Dahlberg*, 11th Dist. Ashtabula No. 2020-A-0030, 2021-Ohio-550, ¶ 81. Further, community-control sanctions "'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.'" *Ettenger* at ¶ 8, quoting *State v. Jones*, 49 Ohio St.3d 51, 52 (1990).

{¶19} In this case, we conclude that the trial court did not abuse its discretion by ordering that Barnett enter (and successfully complete) a CBCF program. Importantly, this sanction is an authorized community-control sanction under R.C. 2929.15 and 2929.16. *Accord State v. Struffolino*, 6th Dist. Wood No. WD-19-019, 2020-Ohio-1051, ¶ 20 (Zmuda, P.J., concurring). Further, the record reflects that this residential sanction is reasonably related to rehabilitating Barnett, the administration of justice, and ensuring her good behavior. *See Ettenger* at ¶ 11.

{¶20} Moreover, the residential sanction is related to Barnett's money-laundering conviction because the record reflects that her substance abuse is related to her conduct. Specifically, the record reveals that Barnett "tested positive for multiple illegal substances" at the time of her arraignment, that she tested positive for methamphetamine while on bond for this offense, and that she concedes that she "struggle[s] with drug addiction." (Doc. No. 9); (May 3, 2022 Tr. at 8).

{¶21} Nevertheless, "[i]n fashioning the appropriate sentence for an offense, the sentencing court may consider facts beyond the offense itself, such as prior

misconduct." *Ettenger* at ¶ 7, citing *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 15 (2d Dist.). Here, the record reflects that Barnett has a criminal history including "several theft offenses," which she "lied [about] during the Presentence Investigation." (PSI).

{¶22} Furthermore, the trial court's sanction "is consistent with [her] rehabilitation and the effort to reduce the likelihood of recidivism." *Ettenger* at ¶ 11. That is, when ordering that she enter (and successfully complete) a CBCF program, the trial court stressed that the sanction is related to rehabilitating Barnett. The trial court also considered that Barnett sought treatment with an outpatient provider, but ultimately determined that in-patient treatment was necessary to compel Barnett's compliance since she "did not seek the diagnostic assessment" until six weeks after her arraignment or receive any services. (May 3, 2022 Tr. at 11). Therefore, the residential sanction reasonably supports the goals of community control, and it is not overly broad so as to unnecessarily impinge on her liberty. *See Ettenger* at ¶ 11 ("Therefore, the imposed community control conditions that Ettenger challenges reasonably support the goals of community control, and they are not overly broad so as to unnecessarily impinge on his liberty.").

{¶23} For these reasons, Barnett's assignment of error is overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**