[Cite as *State v. Becker*, 2011-Ohio-4100.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95901

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ZACHARY BECKER

DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537965

**BEFORE:** Jones, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY: Stephanie Heibertshausen
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113

Angelo F. Lonardo
Yelsky & Lonardo
75 Public Square, Suite 800
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   Plaintiff-appellant, the state of Ohio, appeals the trial court's sentence imposed on defendant-appellee, Zachary Becker.   We reverse and remand.

I

{¶ 2}   Becker pleaded guilty to aggravated assault, a felony of the fourth degree in violation of R.C. 2903.12(A)(1).   The trial court sentenced Becker to 25 days in jail with credit for 25 days of time served and ordered him released.   The court waived fees and costs.  The state now raises the following assignment of error for our review:

> "The trial court erred by imposing a sentence of twenty-six (26) days in county jail — a sentence outside of the statutory sentencing options — for the offense of aggravated assault, a felony of the fourth degree."[1]

II

{¶ 3}   The Ohio Supreme Court set forth the standard for reviewing felony sentencing in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.   *Kalish* holds that appellate courts must apply a two-step approach when analyzing an alleged error in a trial court's sentencing.

{¶ 4}   "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and

---

[1]The court stated at the sentencing hearing that it was sentencing Becker to 26 days, but the sentencing judgment entry states that the sentence was for 25 days.

convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶4. See, also, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 5} In *State v. Eppinger*, Cuyahoga App. No. 92441, 2009-Ohio-5233, this court addressed a trial court's sentence of jail time served for a felony offense:

"'[t]he sentencing court [had] discretion to impose either a sentence of imprisonment or community control sanctions * * *.' 1 Griffin & Katz, Ohio Felony Sentencing Law (2006 Ed.) 109, Section 2929.13. R.C. 2929.15, governing community control sanctions, provides that if a court is not going to sentence an offender to prison, 'the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code.' R.C. 2929.16, 2929.17, and 2929.18 govern residential sanctions, nonresidential sanctions, and financial sanctions, respectively.

"One of the results of sentencing an offender to community control is supervision of the offender. To that end, R.C. 2929.15(A)(2)(a) provides as follows:

'If a court sentences an offender to any community control sanction or combination of community control sanctions * * * the court *shall* place the offender under the general control and supervision of a department of probation * * * for purposes of reporting to the court a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer.' (Emphasis added.)

"Further, R.C. 2929.19(B)(5) requires that a court sentencing an offender to community control sanctions must:

' * * * notify the offender that, if the conditions of the sanction are violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.'   See, also, *State v. Brown* (Mar. 22, 2001), Cuyahoga App. No. 77875."   *Eppinger*, ¶9-13; see, also, *State v. Lee*, Cuyahoga App. No. 92327, 2009-Ohio-5820.

{¶ 6}   Becker contends that the trial court imposed "'one or more community control sanctions,' to wit: a residential sanction of twenty-six days in jail."   It did not.   In sentencing Becker, the court pronounced:   "You're sentenced to 26 days in jail.   Credit for 26 days served.   Your fines, fees and costs are waived, and you're released."   The sentencing entry provides:   "Defendant sentenced to time served.   Defendant sentenced to 25 days county jail with credit for 25 days, to date. * * * Costs waived.   Fines waived.   Repayment of assigned counsel fees waived.   Defendant ordered released."   The court did not sentence Becker to community control sanctions.

{¶ 7}   Becker further contends that this case is distinguishable from *Eppinger* and *Lee* because in those cases, unlike here, fines and costs were imposed on the defendants.   We disagree.   *Eppinger* and *Lee* held that the trial courts' sentences were contrary to law because the defendants were "not sentenced to either prison or community control under the

supervision of the probation department[,]"[2] and additionally noted that the defendants were not advised of the consequences for failing to pay the fines or court costs.[3] Thus, the sentences in *Eppinger* and *Lee* were not held contrary to law because the trial court failed to advise the defendants of the consequences of failing to pay fines or costs.

{¶ 8} Moreover, just because fines, costs, and fees were waived for Becker does not mean that placing him on community control sanctions would have been an exercise in form over substance because there was no need for the court to monitor him. Community control sanctions are aimed at rehabilitation, administering justice, and ensuring good behavior. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶16. Thus, a court sentencing a defendant to community control sanctions should "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469.

III

{¶ 9} In light of the above, Becker's sentence was contrary to law because the court did not sentence him to a community control sanction under R.C. 2929.15 or to a six-to-18

---

[2] *Eppinger*, ¶15; *Lee*, ¶6, 11.

[3] See *Eppinger* at id. ("[F]urther, the court did not inform him of the consequences of not paying the fine or court costs.") (Emphasis added.)

months prison term under R.C. 2929.14. Thus, the first prong under *Kalish* applies. Because the sentence was contrary to law, we need not consider whether the trial court abused its discretion, the second prong under *Kalish*.

{¶ 10} The state's sole assignment of error is sustained. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES,  JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR