[Cite as *State v. Ashby*, 2011-Ohio-5160.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96119

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## SEAN ASHBY

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536446

**BEFORE:** Boyle, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 6, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113

MARY J. BOYLE, J.:

{¶ 1}   Plaintiff-appellant, state of Ohio, appeals the trial court's judgment sentencing defendant-appellee, Sean Ashby, to eight days in jail and to pay a $100 fine. The state claims the sentence is contrary to law.   We agree, and reverse and remand.

<u>Procedural History and Factual Background</u>

{¶ 2}   Ashby was charged with one count of theft and twelve counts of forgery. The record reflects that the charges arose after Ashby and co-defendant, Jainie Borer,

stole a set of checks from Borer's grandfather and subsequently forged the grandfather's name on the checks.

{¶ 3} Ashby pleaded guilty to an amended count of theft with a furthermore clause that the victim was an elderly or disabled person and that the amount stolen was between $500 and $5,000, making it a fourth-degree felony. He also pleaded guilty to two counts of forgery, which were fifth-degree felonies. At the plea hearing, the state informed the trial court that the plea deal was "contingent upon the full payment of restitution, joint and severally, with the co-defendant in the amount of $4,495." The remaining counts were dismissed.

{¶ 4} The trial court sentenced Ashby to eight days in jail, gave him credit for time served, ordered that he pay $100 in fines and $100 in costs. The trial court did not order Ashby to pay restitution because it found that another judge, assigned to the co-defendant's case, ordered the co-defendant to pay the restitution to the victim.

{¶ 5} The state now challenges the eight-day sentence.

Standard of Review

{¶ 6} Appellate courts must apply a two-step approach when reviewing a defendant's sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id.

Sentence

**{¶ 7}** Because Ashby pleaded guilty to a fourth-degree felony and two fifth-degree felonies, the trial court had two options, i.e., sentence Ashby to community control sanctions or send him to prison. R.C. 2929.13; *State v. Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233, ¶9, citing 1 Griffin & Katz, Ohio Felony Sentencing Law (2006 Ed.) 109, Section 2929.13. If the trial court, in its discretion, chose to sentence Ashby to prison, then it had to impose a minimum of six months. R.C. 2929.14(A)(5). Here, the trial court sentenced Ashby to eight days in jail, which was contrary to law. See *Eppinger* (facts nearly identical to this case); see, also, *State v. Lee*, 8th Dist. No. 92327, 2009-Ohio-5820; *State v. Becker*, 8th Dist. No. 95901, 2011-Ohio-4100.

**{¶ 8}** Ashby argues that his eight-day prison sentence and $100 fine were permissible community residential sanctions. We agree that pursuant to R.C. 2929.16(A)(2) and 2929.18, the court can impose jail time as a community residential sanction and order financial sanctions. In this case, however, the trial court never placed Ashby under the supervision of the probation department as required by R.C. 2929.15(A)(2)(a), which provides:

**{¶ 9}** "If a court sentences an offender to any community control sanction or combination of community control sanctions *** the court shall place the offender under the general control and supervision of a department of probation *** for purposes of reporting to the court a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or

the departure of the offender from this state without the permission of the court or the offender's probation officer."

{¶ 10} Moreover, as we noted in *Eppinger*, the court must also advise the defendant of the consequences for violating community control. R.C. 2929.19(B)(5) requires that a court sentencing an offender to community control sanctions must:

{¶ 11} "*** notify the offender that, if the conditions of the sanction are violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." The trial court failed to do so here.

{¶ 12} Accordingly, we find Ashby's sentence to be contrary to law and sustain the state's sole assignment of error.

{¶ 13} Judgment reversed and sentence vacated. This case is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR