[Cite as *State v. Nash*, 2012-Ohio-1188.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96575**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ANTWAN NASH

DEFENDANT-APPELLEE

### JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545811

**BEFORE:** Jones, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 22, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY: James M. Rice
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment sentencing defendant-appellee, Antwan Nash, to a three-day jail term with credit for three days served and imposing a $100 fine.   We affirm.

## I.

{¶2} Nash pleaded guilty to one count of drug possession.   The trial court sentenced him to a three-day jail term with credit for three days served and imposed a $100 fine.   The state raises the following assignment of error for our review:

> The sentence imposed by the trial court is contrary to law as the trial court failed to sentence appellee to a valid sentence of imprisonment or community control sanctions, failed to place appellee under supervision, and failed to inform appellee of the consequences of appellee's failure to pay the fine or costs.

## II.

{¶3} The issue raised by the state was visited by this court in *State v. Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233.[1]   There, the trial court sentenced the defendant to a 25-day jail term, with credit for 25 days served.   This court found the sentence

---

[1] *Accord State v. Ashby*, 8th Dist. No. 96119, 2011-Ohio-5160; *State v. Murphy*, 8th Dist. No. 93093, 2010-Ohio-1422; and *State v. Lee*, 8th Dist. No. 92327, 2009-Ohio-5820, following *Eppinger's* holding.

contrary to law under the first prong of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *Kalish* guides our review of felony sentences and sets forth a two-prong test. Under the first prong, we review whether the trial court complied with all applicable rules and statutes to determine if the sentence is clearly and convincingly contrary to law. If the first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. *Id.* at ¶ 4.

{¶4} In *Eppinger*, this court found that in sentencing a felony offender, a trial court has the option of a sentence of imprisonment or a sentence of community control sanctions. *Id.* at ¶ 9, quoting 1 Griffin & Katz, *Ohio Felony Sentencing Law*, Section 2929.13 at 109 (2006 Ed.). If a trial court sentences an offender to community control sanctions, it can impose a sanction authorized under R.C. 2929.16, 2929.17, or 2929.18. *Eppinger* at *id.*, citing R.C. 2929.15. These sections govern residential sanctions, nonresidential sanctions, and financial sanctions, respectively. *Id.*

{¶5} Here, the trial court pronounced sentence against Nash as follows: "Well, this is a 2009 case, and it didn't happen yesterday. You're sentenced to three days in County Jail, with credit for three days served, and you have to pay a $100 fine."

{¶6} The state contends that the trial court did not sentence Nash to either imprisonment or community control sanctions. Nash, on the other hand, contends that the trial court imposed a proper community control sanction. We agree with Nash.

{¶7} Jail is a community residential sanction under R.C. 2929.16 and a fine is a financial sanction under R.C. 2929.18. The state contends that because the trial court

did not place Nash under the control of the probation department, it did not sentence him to a community control sanction. The state's argument, however, ignores the purpose of placing a defendant under the supervision of the probation department. In particular, R.C. 2929.15(A)(2)(a) provides that in sentencing a defendant to community control sanctions, the sentencing court:

> shall place the offender under the general control and supervision of a department of probation in the county that serves the court for the *purposes of reporting to the court a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer.* (Emphasis added.)

{¶8} The language "shall place the offender under the general control and supervision of the department of probation" has to be read in conjunction with the purpose of supervising a defendant on community control: to report a "violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer." *Id.* Thus, supervision is only necessary where there is a condition that must be overseen or a term during which a defendant's conduct must be supervised. If there are no conditions, there is nothing to supervise. Further, when a court imposes a fine, it becomes a judgment against the defendant, enforceable by execution under R.C. 2929.18, and there would be no need to monitor payment of the fine. There would also be no need for notification to the defendant under R.C. 2929.19 because there would be no conditions to

his community control sanctions.

{¶9} In light of the above, we believe that the trial court properly sentenced Nash to community control sanctions. But even if the sentence were not deemed to be a proper community control sanction, we still believe it was a proper sentence. This court's reliance in *Eppinger* on "sentence of imprisonment" comes from the treatise *Ohio Felony Sentencing Law*, Section 2929.13 at 109 (2006 Ed.), not the sentencing statutes. In *Eppinger*, this court interpreted "sentence of imprisonment" as only being a prison sentence. The word "imprisonment" is not defined in R.C. Chapter 2929, but is defined in R.C. 1.05 as follows:

> As used in the Revised Code, unless the context otherwise requires, "imprisoned" or "imprisonment" means being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of * * * a county * * * [or] municipal[ity].

{¶10} Thus, a jail sentence is a "sentence of imprisonment." And under R.C. 2967.191, Nash was entitled to credit for time served.

{¶11} Additionally, we find this court's reliance in *Eppinger* on a portion of a comment from the *Ohio Felony Sentencing Law* treatise should be considered in the context of its accompanying text. Specifically, *Eppinger* cited the comment, "'The sentencing court has discretion to impose either a sentence of imprisonment or community control sanctions.'" *Id.* at ¶ 9, quoting *Ohio Felony Sentencing Law* at 109. The full text, which was not cited in *Eppinger*, provides as follows:

The sentencing court has discretion to impose either a sentence of imprisonment or community control sanctions (1) in accordance with the overriding purposes of sentencing — protection of the public and punishment of the offender — and (2) after determining the relative seriousness of the defendant's conduct and the likelihood that the defendant will commit additional offenses, (3) *provided that the sentence does not impose an unnecessary burden on governmental resources.* (Emphasis added; footnotes omitted.) *Ohio Felony Sentencing Law* at *id.*

{¶12} We believe this comment suggests that a trial court has fairly broad discretion in fashioning sentences. We find support for this belief in the Revised Code. R.C. 2929.12(A), governing the factors to be considered in felony sentencing, provides that "[u]nless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony *has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code*." (Emphasis added.) Thus, under this section, unless the sentencing court must impose a mandatory sentence, it has discretion, within the mandates of R.C. 2929.11, 2929.13, and 2929.14, in sentencing a felony offender.

R.C. 2929.11(A) provides that:

[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶13} In light of the above, it may be that, in its discretion, the sentencing court

finds that time served was sufficient "to protect the public from future crime by the offender and others and to punish the offender," there is no need for the defendant to be supervised and monitored, and monitoring payment of a $100 fine would "impose an unnecessary burden on the state or local government resources." Removing that discretion from a sentencing court could result in the inefficient result of a defendant having to meet with a probation officer for no reason. Further, the costs associated with involving the probation department for the collection of a $100 fine would likely exceed the cost of the fine.

{¶14} The Second and Ninth Appellate Districts have also considered this felony sentencing issue and come to the same conclusion. In *State v. Allen*, 9th Dist. Nos. 10CA 009910 and 10CA009911, 2011-Ohio-3621, the Ninth Appellate District found that:

> [i]n some cases the facts do not support a finding under Section 2929.13(B)(1) [for imposing a prison term], but the sentencing court also determines that a community control sanction is inconsistent with the purposes and principles of sentencing, thus taking the case outside the scope of both 2929.13(B)(2)(a) and (b). In such cases, the court is "not compelled * * * to impose a prison sentence or * * * to impose a community control sanction. Rather, it [is] within the trial court's judgment to determine, after considering the factors set forth in R.C. 2929.12, what type of sentence would best serve the overriding purposes and principles of sentencing contained in R.C. 2929.11." *Id.* at ¶ 10, quoting *State v. Sutherland*, 2d Dist. No. 97CA24.

{¶15} In light of the above, Nash's sentence was not contrary to law, the first prong under *Kalish*.

{¶16} We also do not find that the trial court abused its discretion in sentencing

Nash. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Nash pleaded guilty to a fifth degree felony count of drug possession. The charge resulted from Nash having Oxycodone in his pocket, which was not prescribed for him. Prior to this case, and at the time of sentencing, Nash was working full time and paying child support. Nash's mother had recently passed away and he was "getting [his] life together." He was also supporting his two younger brothers. On this record, the trial court's sentence was not an abuse of discretion, the second prong under *Kalish*.

{¶17} Finally, the state's assignment of error implies that costs were assessed to Nash and the trial court failed to advise him of the consequences of not paying costs. But costs were waived here. The state also contends that the trial court "failed to notify Nash of the consequences of his failure to pay his fine as required by R.C. 2929.19(B)(5)." But as already stated, the fine becomes a judgment against Nash, enforceable by execution under R.C. 2929.18.

{¶18} In light of the above, the state's assignment of error is overruled.

III.

{¶19} Because we believe our decision here conflicts with *Eppinger* and its progeny, under App.R. 26 and Loc.App.R. 26, we ask the administrative judge to submit

this matter to the court for sua sponte[2] en banc consideration of the following questions: (1) whether a sentence to a jail term and fine without conditions and supervision of a probation department constitutes a community control sanction? (2) If such a sentence does not constitute a community control sanction, does a trial court nonetheless have discretion to impose such a sentence on a felony offender?

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[2] *DiGiorgio v. Cleveland*, 8th Dist. No. 95945, 2011-Ohio-5824, ¶ 1.