[Cite as *State v. Nash*, 2012-Ohio-3246.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
EN BANC
**No. 96575**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ANTWAN NASH

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545811

**BEFORE:**   En Banc Court

**RELEASED AND JOURNALIZED:**   July 19, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY: James M. Rice
        T. Allan Regas
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Pursuant to App.R. 26 and Loc.App.R. 26, this court determined that a conflict existed between the panel's decision in this case and this court's previous decisions on the issue of whether a court sentencing a defendant to community control sanctions must place the offender under the supervision of the adult probation department, or whether it has the discretion to determine that supervision is not necessary. Accordingly, we sua sponte granted en banc consideration in this matter and convened an en banc conference in accordance with App.R. 26(A)(2), Loc.App.R. 26(D), and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672.

{¶2} The appellant state urges us to follow our precedent, which would require the trial court to order probation department supervision of every defendant sentenced to a community control sanction. *State v. Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233. Upon en banc review, we overrule our decision in *Eppinger* and hold that R.C. 2929.15(A)(2) requires probation department supervision of a defendant placed on community control sanctions only when there is a condition that must be overseen or a term during which a defendant's conduct must be supervised. Accordingly, we affirm the trial court's judgment.

I.

{¶3} Nash pleaded guilty to one count of drug possession, a fifth degree felony. The trial court sentenced him to a three-day jail term with credit for three days served and

imposed a $100 fine. The state appealed of right, raising the following assignment of error for our review:

> The sentence imposed by the trial court is contrary to law as the trial court failed to sentence appellee to a valid sentence of imprisonment or community control sanctions, failed to place appellee under supervision, and failed to inform appellee of the consequences of appellee's failure to pay the fine or costs.

## II.

{¶4} Our review of trial court sentencing decisions is guided by *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *Kalish* sets forth a two-prong test that guides our review of felony sentences. Under the first prong, we review whether the trial court complied with all applicable rules and statutes to determine if the sentence is clearly and convincingly contrary to law. If the first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. *Id.* at ¶ 4.

{¶5} The issue raised by the state in this case was first visited by this court in *Eppinger*.[1] There, the trial court sentenced the defendant to a 25-day jail term with

---

[1] Numerous cases have been reversed and remanded by this court following *Eppinger*. It has troubled us to learn through this en banc proceeding that the mandate of this court was either wholly ignored or not fully complied with in several of the cases.

In *Eppinger* itself, for example, the trial court resentenced the defendant to the original 25-day jail term with credit for 25 days served, waived costs, fines, and assigned counsel fees, but did not impose probation department supervision. Similarly, in *State v. Lee*, 8th Dist. No. 92327, 2009-Ohio-5820, the trial court reimposed substantially the same sentence that we had found to be contrary to law, again failing to place the offender under the probation department's supervision. In *State v. Becker*, 8th Dist. No. 95901, 2011-Ohio-4100, and *State v. Ashby*, 8th Dist. No. 96119,

credit for 25 days served and a $100 fine. This court found the sentence contrary to law under the first prong of *Kalish*. We noted that in sentencing a felony offender, a trial court has the option of a sentence of imprisonment or a sentence of community control sanctions. *Id.* at ¶ 9 (quoting 1 Griffin & Katz, *Ohio Felony Sentencing Law*, Section 2929.13 at 109 (2006 Ed.)). If a trial court sentences an offender to community control sanctions, it can impose a sanction authorized under R.C. 2929.16, 2929.17, or 2929.18. *Id.* (citing R.C. 2929.15). These sections govern residential sanctions, nonresidential sanctions, and financial sanctions, respectively. *Id.* We held that "[o]ne of the results of sentencing an offender to community control is supervision of the offender." *Id*. at ¶ 10. Because the trial court did not sentence Eppinger to "either prison or a community control [sanction] under the supervision of the probation department," this court held the sentence was contrary to law.

{¶6} The sentence in this case, like the sentence in *Eppinger*, included a jail term and a fine. The trial court pronounced sentence against Nash as follows: "Well, this is a 2009 case, and it didn't happen yesterday. You're sentenced to three days in County

---

2011-Ohio-5160, the trial court has taken no action after we reversed the sentences imposed as contrary to law and remanded for further proceedings.

Although not directly relevant to this case, the state has also pointed out that the trial court has failed to comply with this court's directives to obtain a presentence investigation report before sentencing an offender to community control sanctions. *E.g.*, **State v. Pickett**, 8th Dist. No. 91343, **2009-Ohio-2127**; *State v. Disanza*, 8th Dist. No. 92375, 2009-Ohio-5364; *State v. Peck*, 8th Dist. No. 92374, 2009-Ohio-5845.

The trial court is bound to comply with this court's mandate; it has no discretion to disregard our orders. *State ex rel. Sharif v. McDonnell*, 91 Ohio St.3d 46, 2001-Ohio-240, 741 N.E.2d 127.

Jail, with credit for three days served, and you have to pay a $100 fine." We now believe the *Eppinger* decision fundamentally misread R.C. 2929.15(A)(2)(a) and therefore improperly required the trial courts to impose probation department supervision in every case in which the defendant was sentenced to community control sanctions.

{¶7} Jail is a community residential sanction under R.C. 2929.16 and a fine is a financial sanction under R.C. 2929.18. The argument that probation department supervision is an essential element of community control sanctions ignores the purpose of placing a defendant under the supervision of the probation department. In particular, R.C. 2929.15(A)(2)(a) provides that in sentencing a defendant to community control sanctions, the sentencing court:

> shall place the offender under the general control and supervision of a department of probation in the county that serves the court for the *purposes of reporting to the court a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer.*

(Emphasis added.)

{¶8} The language "shall place the offender under the general control and supervision of the department of probation" must be read in conjunction with the purpose of supervising a defendant on community control: to report a "violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer." *Id.* Thus, supervision is only necessary where there is a condition that must be overseen or a term

during which a defendant's conduct must be supervised. If there are no conditions, there is nothing to supervise. Further, when a court imposes a fine, it becomes a judgment against the defendant, enforceable by execution under R.C. 2929.18, and there is usually no need to monitor payment of the fine.

{¶9} Additionally, we find this court's reliance in *Eppinger* on a portion of a comment from the *Ohio Felony Sentencing Law* treatise should be considered in the context of its accompanying text. Specifically, *Eppinger* cited the comment, "'The sentencing court has discretion to impose either a sentence of imprisonment or community control sanctions.'" *Eppinger* at ¶ 9, quoting *Ohio Felony Sentencing Law* at 109. The full text, which was not cited in *Eppinger*, provides as follows:

> The sentencing court has discretion to impose either a sentence of imprisonment or community control sanctions (1) in accordance with the overriding purposes of sentencing — protection of the public and punishment of the offender — and (2) after determining the relative seriousness of the defendant's conduct and the likelihood that the defendant will commit additional offenses, (3) *provided that the sentence does not impose an unnecessary burden on governmental resources.*

(Emphasis added; footnotes omitted.) *Ohio Felony Sentencing Law* at *id.*

{¶10} We believe this comment suggests that a trial court has fairly broad discretion in fashioning sentences. We find support for this belief in the Revised Code. R.C. 2929.12(A), governing the factors to be considered in felony sentencing, provides that "[u]nless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony *has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.*" (Emphasis added.)

Thus, under this section, unless the sentencing court must impose a mandatory sentence, it has discretion in sentencing a felony offender.

{¶11} R.C. 2929.13 provides that a court that imposes sentence on a felony offender may impose any sanction or combination of sanctions provided in R.C. 2929.14 to 2929.18, but "[t]he sentence shall not impose an unnecessary burden on state or local government resources." With the passage of H.B. 86, this same requirement has now been incorporated into the purposes and principles of felony sentencing under R.C. 2929.11 (although the new provision is not applicable to this offender):

> [a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶12} In light of the above, it may be that, in its discretion, the sentencing court finds that time served was sufficient "to protect the public from future crime by the offender and others and to punish the offender," there is no need for the defendant to be supervised and monitored, and monitoring payment of a $100 fine would "impose an unnecessary burden on the state or local government resources." Removing that discretion from a sentencing court could result in the inefficient result of a defendant having to meet with a probation officer for no reason. Further, the costs associated with involving the probation department for the collection of a $100 fine would likely exceed

the cost of the fine.[2]

{¶13} The Second and Ninth Appellate Districts have also considered this felony sentencing issue and come to the same conclusion, albeit on somewhat different reasoning. In *State v. Allen*, 9th Dist. Nos. 10CA009910 and 10CA009911, 2011-Ohio-3621, the Ninth Appellate District found that:

> [i]n some cases the facts do not support a finding under Section 2929.13(B)(1) [for imposing a prison term], but the sentencing court also determines that a community control sanction is inconsistent with the purposes and principles of sentencing, thus taking the case outside the scope of both 2929.13(B)(2)(a) and (b). In such cases, the court is "not compelled * * * to impose a prison sentence or * * * to impose a community control sanction. Rather, it [is] within the trial court's judgment to determine, after considering the factors set forth in R.C. 2929.12, what type of sentence would best serve the overriding purposes and principles of sentencing contained in R.C. 2929.11."

*Id.* at ¶ 10, quoting *State v. Sutherland*, 2d Dist. No. 97CA25, 1997 WL 464788, (Aug. 15, 1997).

{¶14} In light of the above, Nash's sentence was not contrary to law, the first prong under *Kalish*.[3]

{¶15} We also find that the trial court did not abuse its discretion in sentencing Nash. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v.*

---

[2]Discretion implies that the trial court has the power to place the offender under probation department supervision to oversee the payment of a fine, *or not*, as the circumstances may warrant. Nothing in this opinion precludes a court from imposing probation department supervision to oversee the payment of a fine.

[3]We recognize this court's recent decision in *State v. Cox*, 8th Dist. No. 97924, 2012-Ohio-3158. This case is distinguishable from *Cox*, however, because it is decided under the law prior to the effective date of H.B. 86.

*Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Nash pleaded guilty to a fifth degree felony count of drug possession. The charge resulted from Nash having Oxycodone in his pocket, which was not prescribed for him. Prior to this case, and at the time of sentencing, Nash was working full time and paying child support. Nash's mother had recently passed away and he was "getting [his] life together." He was also supporting his two younger brothers. On this record, the trial court's sentence was not an abuse of discretion, the second prong under *Kalish*.

{¶16} Finally, the state's assignment of error implies that costs were assessed to Nash and the trial court failed to advise him of the consequences of not paying costs. But costs were waived here. The state also contends that the trial court "failed to notify Nash of the consequences of his failure to pay his fine as required by R.C. 2929.19(B)(5)." But as already stated, the fine becomes a judgment against Nash, enforceable by execution under R.C. 2929.18.

{¶17} In light of the above, the state's assignment of error is overruled.

III.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR.,   JUDGE

PATRICIA ANN BLACKMON, A.J.,
FRANK D. CELEBREZZE, JR., J.,
EILEEN A. GALLAGHER, J.,
MARY EILEEN KILBANE, J.,
KATHLEEN ANN KEOUGH, J.,
KENNETH A. ROCCO, J.,
MELODY J. STEWART, J., and
JAMES J. SWEENEY, J., CONCUR;

COLLEEN CONWAY COONEY, J., DISSENTS
WITH SEPARATE OPINION WITH
SEAN C. GALLAGHER, J., and
MARY J. BOYLE, J., CONCURRING;

SEAN C. GALLAGHER, J., DISSENTS
WITH SEPARATE OPINION WITH
COLLEEN CONWAY COONEY, J., and
MARY J. BOYLE, J., CONCURRING

COLLEEN CONWAY COONEY, J., DISSENTING:

{¶19} I concur in the dissenting opinion of Judge Sean Gallagher and write

separately only to add one point. I would honor stare decisis and follow this court's precedent. If a motion is filed, the remedy is to certify a conflict with the Ninth District's decision in *State v. Allen*, 9th Dist. Nos. 10CA009910 and 10CA009911, 2011-Ohio-3621, on which the majority relies.

{¶20} I find it ironic that the trial court has not complied with this court's prior mandates, and now the en banc majority changes the law in the Eighth District, ultimately rewarding this noncompliance.

SEAN C. GALLAGHER, J., DISSENTING:

{¶21} The mere fact that an appellate court would have to interpret whether supervision is required when a community control sanction is imposed is yet another blemish on the legacy of sentencing reform brought on by S.B. 2. While I understand the analytical gymnastics the majority was forced to hurdle to answer this question, and admire their effort, I respectfully dissent. I would follow our precedent in *Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233. Until the legislature addresses the overly confusing language in Ohio's sentencing statutes brought on by S.B. 2, I believe judicial interpretations of the statute only add to the problems.

{¶22} R.C. 2929.15 reads in part:

(2)(a) If a court sentences an offender to any community control sanction or combination of community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, *the court shall place* the offender under the general control and supervision of a department of probation * * *. (Emphasis added.)

{¶23} In this case, part of the sentence was a $100 fine, which even the majority acknowledges is a community control sanction under R.C. 2929.18.

{¶24} Thus, because a community control sanction was imposed, probation supervision was mandatory. If the legislature wanted to exempt fines as community control sanctions from supervision, it should have said so.

{¶25} In an apparent effort to allow judicial discretion where probation supervision would be deemed pointless or wasteful, the majority is forced to creatively read R.C. 2929.15(A)(2) to include the unwritten presumption that the mandatory provision is only necessary where there is a condition that must be overseen. By reaching deep into the bowels of the *Ohio Felony Sentencing Law* treatise, Section 109, the majority reads subsection 3 of that treatise to find supervision, under the circumstances in this case, to be an "unnecessary burden on governmental resources." The majority even references the recent amendment to R.C. 2929.11 through H.B. 86 to not impose "an unnecessary burden on the state or local government resources," even though they acknowledge this provision is not applicable to Nash. Frankly, this creative interpretation is on a par with some interpretations of the federal tax code.

{¶26} A big part of this problem seems to center on the fact that the legislature assumed that, when dealing with felony crimes, judges would impose *either* a prison term *or* a community control sanction or sanctions for felony crimes. The logical assumption is that because these are felony crimes, the nature of the community control sanctions would naturally warrant supervision. When, as here, judges look for alternatives to this approach, a "hole" or "gap" in the statute either exists or is created by the actions of the trial judge.

{¶27} Despite numerous passages in R.C. 2929.12, 2929.13, 2929.15, 2929.16, 2929.17, and 2929.18, containing unending preconditions with confusing phrases like "unless otherwise required," "except as provided," and the all too familiar term "if," there are no clear provisions for a court to contemplate the type of sentence imposed in this

case.    For this reason, I dissent.

{¶28} If this case stands for anything, it should be a call for the legislature to revisit the undefinable language of S.B. 2 and finally either fix it once and for all or assign it to the ash heap of history.