[Cite as *State v. Hunt*, 2012-Ohio-3578.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97925**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## MATTHEW M. HUNT

DEFENDANT-APPELLEE

### JUDGMENT:
### VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555829

**BEFORE:** S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 9, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Andrew Rogalski
      Allan T. Regas
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Kevin P. Shannon
James F. Shannon
75 Public Square
Suite 700
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the sentence imposed by the trial court against defendant-appellee, Matthew Hunt. For the following reasons, we vacate Hunt's sentence and remand the matter to the trial court for resentencing.

{¶2} On November 8, 2011, Hunt was charged with one count of breaking and entering, and one count of theft. On January 10, 2012, Hunt pleaded guilty to breaking and entering, a fifth-degree felony. The state dismissed the theft count. On January 24, 2012, the trial court sentenced Hunt to two days in jail with credit for two days served, and imposed a fine of $150.

{¶3} The state timely appealed, raising one assignment of error. The state asserts the sentence imposed by the trial court was contrary to law. It argues that the trial court erred in sentencing Hunt to two days in jail for the offense of breaking and entering, a fifth-degree felony, because the minimum sentence for this offense is six months under R.C. 2929.14(A)(5). Even if the jail time is considered a community control sanction rather than a "sentence," the state argues the community control sanction must be at least one year's duration under R.C. 2929.13(B)(1)(a), as amended by H.B. 86. Finally, the state argues the court did not even impose a community control sanction because it did not (1) obtain a presentence investigation report, and (2) place Hunt under the general

control and supervision of the probation department. Upon a review of the record, we find the state's arguments have partial merit.

{¶4} In reviewing the state's claim, the two-prong test set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, guides our review of Hunt's felony sentence. Under the first prong, we review whether the trial court complied with all applicable rules and statutes to determine if the sentence was clearly and convincingly contrary to law. After finding the first prong satisfied, we review the trial court's decision under an abuse of discretion standard. *Id*., ¶ 4.

{¶5} In support of affirming his sentence, Hunt relies primarily on this court's en banc decision in *State v. Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, where the majority of the court overruled its decision in *State v. Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233. Nash pleaded guilty to one count of drug possession, a fifth-degree felony. The trial court sentenced him to a three-day jail term with credit for time served, and imposed a $100 fine. The state appealed, raising the issue of whether the trial court failed to sentence Nash to a valid sentence of imprisonment or community control sanctions.

{¶6} The state distinguishes this case from *Nash* based on the passage of H.B. 86. According to the state, the trial court was required to sentence Hunt to a community control sanction of at least one year's duration if it found present the circumstances listed in R.C. 2929.13, as amended by H.B. 86. The trial court, therefore, could not impose a jail term without supervision. The state's position has partial merit.

**{¶7}** The version of R.C. 2929.13 applicable to Nash's sentence provided that when imposing sentences on felony offenders, the trial court may impose any sanction or combination of sanctions provided in R.C. 2929.14 to 2929.18, but "[t]he sentence shall not impose an unnecessary burden on state or local government resources." We found "it may be that, in its discretion, the sentencing court finds that time served was sufficient 'to protect the public from future crime by the offender and others and to punish the offender.'" *Nash*, ¶ 11, quoting R.C. 2929.11.

**{¶8}** We recognized in *Nash* that with the passage of H.B. 86, the requirement of not imposing an unnecessary burden on state or local resources is now incorporated into the purposes and principles of felony sentencing under R.C. 2929.11. Because Hunt, however, committed the offenses and was sentenced after the effective date of the amendments to Ohio's felony sentencing statutes, September 30, 2011, the amended statutes govern his sentencing. R.C. 2929.13(B) currently reads as follows:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, *if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply*:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>
> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department,

within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(Emphasis added.)

{¶9} In light of the above, Hunt's sentence was contrary to law, the first prong of *Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. "The length of prison terms for felonies of the fourth and fifth degree were not modified [by H.B. 86]; however, the newly enacted R.C. 2929.13(B)(1)(a) established a preference for, and in certain conditions, a presumption of, community control sanctions * * *, subject to certain parameters." *State v. Snyder*, 3d Dist. No. 13-11-37, 2012-Ohio-3069*, ¶* 20. R.C. 2929.13(B)(1)(a), as amended, requires the trial court to sentence Hunt to a community control sanction of at least one year's duration if it finds present the circumstances listed in R.C. 2929.13(B)(a)(i) through (iii). *See State v. Henson*, 5th Dist. No. 11 CAA 11 0112, 2012-Ohio-2894; *Snyder*. We do not, therefore, need to determine whether the trial court abused its discretion, the second prong of *Kalish*.

{¶10} Because the state did not object to the trial court's sentencing of Hunt, the state waives all but plain error under Crim.R. 52. Plain error exists here because there is an obvious deviation from a legal rule that affected the outcome of the proceeding. Crim.R. 52(B); *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.Ed.2d 1240.

{¶11} Finally, the state argues the court did not impose a community control sanction because it did not (1) obtain a presentence investigation report, and (2) place Hunt under the general control and supervision of the probation department. Contrary to

the state's assertion, the trial court obtained a presentence investigation report. At the sentencing hearing, the court stated, "Both [defense counsel] and I have received and read the PSI, and the Court is prepared to pass sentence."

{¶12} The state's argument that the trial court should also place Hunt under the general control and supervision of a probation department is controlled by our en banc decision in *Nash,* 8th Dist. No. 96575, 2012-Ohio-3246. In *Nash*, we held that R.C. 2929.15(A)(2) requires probation department supervision of a defendant placed on community control sanctions *only* when there is a condition to be overseen or a term during which a defendant's conduct must be supervised. *Nash*, ¶ 2. If there are no conditions, there is nothing to supervise, including the imposition of a fine enforceable by execution under R.C. 2929.18. *Nash*, ¶ 8.

{¶13} It is clear from the record that the trial court did not intend to sentence Hunt to a term in prison. Whether Hunt should be placed under probation department supervision is dependent on the type of community control sanctions imposed on Hunt by the trial court. We are constrained to follow the en banc decision in *Nash* with respect to the potential, versus mandatory, probation department supervision of Hunt. The majority in *Nash* creatively read R.C. 2929.15(A)(2) to include the unwritten presumption that the mandatory provision — "[i]f a court sentences an offender to any community control sanction * * *, the court *shall* place the offender under the general control and supervision of a department of probation" — is only necessary where there is a condition to be overseen. (Emphasis added.) *Nash*, ¶ 8. If *Nash* and this case stand for

anything, "it should be a call for the legislature to revisit the undefinable language of S.B. 2 and finally either fix it once for all or assign it to the ash heap of history." *Id.* (S. Gallagher, J., dissenting), ¶ 28.

**{¶14}** We vacate Hunt's sentence and remand the matter to the trial court for resentencing under the correct guidelines as set forth in the statutes as amended by H.B. 86.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR