[Cite as *State v. Warner*, 2014-Ohio-1519.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100197**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALLEN WARNER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568077

**BEFORE:** S. Gallagher, J., Boyle, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brett Kyker
Assistant Prosecuting Attorney
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant-appellant Allen Warner appeals from his conviction on 18 counts of pandering sexually oriented material involving a minor, five counts of illegal use of a minor in nudity-oriented material or performance, two counts of voyeurism, and one count of possessing criminal tools. For the following reasons, we affirm Warner's conviction.

**{¶2}** On October 11, 2012, Warner posted on Craigslist.org, seeking surreptitiously produced pictures or videos of undressed or masturbating family members. Shortly after the posting, an investigator with the Ohio Internet Crimes Against Children Task Force responded to the advertisement. Warner revealed that he photographed his own minor daughter using sex toys, and bugged various household items to record those images. Warner also gave some of the bugged devices to children of other women and admitted that he received child pornography from a foreign individual.

**{¶3}** Warner ultimately pleaded guilty to 18 counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1) and (2), five counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), two counts of voyeurism in violation of R.C. 2907.08(B), and one count of possessing criminal tools in violation of R.C. 2923.24(A). The trial court sentenced Warner to concurrent terms of imprisonment of five years on the 17 violations of R.C. 2907.322(A)(1), five years on the violation of R.C. 2907.322(A)(2), six years on the violations of R.C. 2907.323(A)(1), time served on the violations of R.C. 2907.08(B), and

one year on the violation of R.C. 2923.24(A). The trial court ordered each group of violations to be served consecutive to the other types for an aggregate sentence of 17 years (5+5+6+1). It is from this decision that Warner timely appeals, advancing two assignments of error.

{¶4} In his first assignment of error, Warner claims the trial court's imposition of consecutive sentences was contrary to law because the court failed to give reasons in support of its findings and failed to make all the required findings before imposing the consecutive sentences. We find no merit to Warner's first assignment of error.

{¶5} Pursuant to R.C. 2953.08(G)(2), an appellate court may overturn the imposition of a consecutive sentence if (1) the sentence is otherwise contrary to law or (2) the appellate court clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 11; *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6. Under the current version of R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must find that the sentence is "necessary to protect the public from future crime or to punish the offender," that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c). *State v. Redd*, 8th Dist. Cuyahoga No. 99624, 2014-Ohio-491, ¶ 15. Specific to the current appeal, the last factor is that at "least two of the multiple offenses were committed as part of one or more courses of conduct, and the

harm caused * * * was so great or unusual that no single prison term for any of the offenses * * * adequately reflect[ed] the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b).

{¶6} Contrary to Warner's argument, the trial court made the required findings before imposing the consecutive sentences. The trial court specifically found that "a consecutive prison term is necessary to protect the community and to punish the offender in this case. It's not disproportionate. And I find that the harm was so great or unusual that a single term does not adequately reflect the seriousness of this conduct." Tr. 131:7-13. Warner argues that the trial court's mention of the word disproportionate was an insufficient finding that the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. This court has previously determined that the trial court's identical finding was sufficient. *State v. Wilson*, 8th Dist. Cuyahoga No. 99331, 2013-Ohio-3915, ¶ 13; *but see State v. Barnett*, 8th Dist. Cuyahoga No. 99419, 2013-Ohio-4595 (S. Gallagher, J., concurring in judgment only) (noting the diverging reference to the standard of review did not alter the analysis underlying the *Wilson* court's decision to affirm).

{¶7} Warner also argues that Crim.R. 32(A)(4) requires the trial court to give reasons for imposing consecutive sentences and, therefore, the trial court erred by only making the findings pursuant to R.C. 2929.14(C)(4). We simply note that the Tenth District has persuasively addressed this argument in *State v. Wilson*, 10th Dist. Franklin

No. 12AP-551, 2013-Ohio-1520, ¶ 20-21.   In that case, the court noted, in part relying on the Staff Notes to Crim.R. 32, that

> Criminal Rule 32(A) was amended to conform with the Supreme Court of Ohio's decision in *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165. The *Comer* decision mandates that a trial court must make specific statutory findings and the reasons supporting those findings when a trial court, in serious offenses, imposes consecutive sentences * * * pursuant to R.C. 2929.14(B), R.C. 2929.14(E)(4) and 2929.19(B)(2). Crim.R. 32(A) was modified to ensure that there was no discrepancy in the criminal rules and the Court's holding in *Comer*.

*Id.*   Therefore, because "neither R.C. 2929.14 nor 2929.19, as revised by H.B. No. 86, require[s] the trial court to give its reasons for imposing consecutive sentences," the revisions of H.B. No. 86 must logically supersede the rationale of *Comer*, which was the original impetus for the amendment to Crim.R. 32(A)(4).   *Id.*   The Tenth District accordingly rejected the defendant's attempt to interweave the Crim.R. 32(A) reasons requirement into consecutive sentencing post-H.B. No. 86, which is especially compelling because Crim.R. 32(A)(4) only requires reasons to support findings "if appropriate." Thus, Warner's reliance on Crim.R. 32(A)(4) is misplaced.   In light of the above reasoning, Warner's first assignment of error is overruled.

{¶8} In his second assignment of error, Warner claims the trial court erred by imposing a sentence that was not clearly and convincingly supported by the record.   We find no merit to Warner's argument.

{¶9} Warner's sole argument with regard to his second assignment of error is that the trial court should have considered Warner's age (60 years old), the fact that Warner

made "substantial progress" in his eight months of treatment, and the fact that Warner had no prior criminal history. Warner's argument is misplaced.

**{¶10}** As we previously noted, pursuant to R.C. 2953.08(G)(2), an appellate court may overturn the imposition of a consecutive sentence if the appellate court clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶ 11; *Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, at ¶ 6. Our review is limited. Warner essentially seeks a determination that the trial court abused its discretion in giving greater weight to the nature of the offense and the impact on the victims, rather than elevating Warner's remorse, progress in treatment, age, and lack of a criminal history to a greater degree, for the purposes of considering the appropriate sentence, in Warner's eyes as being one of a lesser term of imprisonment.

**{¶11}** The trial court expressly considered his age, lack of a criminal record, and treatment but discounted those factors in favor of the harm caused to the victims because of Warner's conduct and the harm posed to the public. Warner made those factors clear during his sentencing hearing. Tr. 62:13-21 and 79:1-16. The trial court, therefore, was acting within its discretion in weighing the competing sentencing factors, and absent a demonstration that the record does not clearly and convincingly support the findings, we are bound to affirm consecutive sentences. Warner has made no such showing, and the trial court found that the longer term of imprisonment was warranted because of the impact to the victims and the harm posed to the public by Warner's conduct, and that the

sentence was not disproportionate to Warner's conduct, especially pertinent in light of the fact he surreptitiously recorded minors engaging in sexual conduct with bugged household items.

**{¶12}** Further, inasmuch as Warner's arguments could be considered as one claiming his sentence is contrary to law pursuant to R.C. 2953.08(G)(2), because the trial court failed to consider certain sentencing factors, nothing in the record clearly and convincingly demonstrates that Warner's sentence is contrary to law. Warner concedes the trial court appropriately considered the type and degree of harm caused by his conduct. His sole contention is that the trial court should have also considered his age, lack of a prior criminal record, and progress in eight months of treatment.

**{¶13}** An appellate court cannot "increase, reduce, or otherwise modify a sentence" on appeal unless "that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). The trial court expressly considered all the factors including those advanced by Warner on appeal; it simply discounted factors that Warner considered to be favorable to a lesser term of imprisonment. Discounting some factors, even if considered to mitigate against a longer term of imprisonment, against other factors that weigh in favor of a longer prison sentence, does not render a prison sentence as one being imposed contrary to law. Again, trial courts have discretion to consider all sentencing factors. Warner simply disagrees with how the trial court weighed what he considered to be mitigating factors against a longer term of imprisonment. The legislature limited our

review to whether the sentence is contrary to law, expressly rejecting any abuse of discretion review. R.C. 2953.08(G)(2).

{¶14} Even if we combed the record for the trial court's rationale, we still would find the record supports the sentence, and therefore, the sentence is not contrary to law. The fact that the trial court's decision to discount the factors Warner thinks most important is unpalatable to him and others does not render the sentence entered contrary to law under Ohio's sentencing review process. Alas, it is not in the province of an appellate court to create a new standard of review solely because the legislature arguably prohibited any "meaningful" review over an offender's final sentence. The trial court simply placed emphasis on factors less favorable to Warner. The trial court had discretion to weigh all sentencing factors under the statutory scheme, not just those thought important by Warner himself.[1]

---

[1] More than once this writer called into question the fallout from Ohio's sentencing statutes brought on by the changes created by S.B. No. 2 and pointed to the need to review felony sentencing or relegate the sentencing changes to the "ash heap of history." *State v. Nash*, 2012-Ohio-3246, 973 N.E.2d 353, ¶ 28 (S. Gallagher, J., dissenting); *State v. Hunt*, 8th Dist. Cuyahoga No. 97925, 2012-Ohio-3578, ¶ 13. The sentencing ranges imposed by the statutory scheme are broad. Rather than relying on appellate courts with limited review of final felony sentences, a soft sentencing grid would be preferable to bridge the proportionality and consistency gaps caused by the unbridled discretion provided to felony trial court judges in sentencing. To date, these soft grid approaches have been universally condemned as compromising judicial discretion. Judicial discretion and consistency in sentencing share a decidedly inverse relationship. *State v. Moore*, 8th Dist. Cuyahoga No. 99788, 2014-Ohio-819, ¶ 22.

{¶15} Warner's sentence is not contrary to law, and he did not clearly and convincingly demonstrate that the consecutive sentencing findings are not supported by the record. His second assignment of error, therefore, must be overruled.

{¶16} Finding no merit to either of Warner's assigned errors, we affirm Warner's conviction and the decision of the trial court.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
KENNETH A. ROCCO, J., CONCUR